IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ESTELENE SKIPPER                                                          PLAINTIFF

vs.                                    Civil No. 1:25-cv-01060

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                  DEFENDANT

**MEMORANDUM OPINION**

Estelene Skipper ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the

Commissioner of the Social Security Administration ("SSA") denying her applications for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II

and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.    **Background:**

Plaintiff protectively filed her disability application for DIB and SSI on February 9, 2022.

(Tr. 13).  In these applications, Plaintiff alleges being disabled due to depression and nerve damage

in leg and arm.  (Tr. 323).  Plaintiff alleged an onset date of June 30, 2020.  (Tr. 17).  These

applications were denied initially and again upon reconsideration.  *Id.*

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 8.  These references are to the page number of the transcript itself and not the ECF page number.

After these denials, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 136-206). Plaintiff's administrative hearing was held on January 3, 2024. (Tr. 51-76). Plaintiff was present and was represented by Randolph Baltz at this hearing. *Id.* Plaintiff and a Vocational Expert ("VE") testified at this hearing. *Id.* Plaintiff also had a supplemental hearing on June 4, 2024. (Tr. 36-50).

On July 11, 2024, after the administrative hearings, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 17-26). In this decision, the ALJ found Plaintiff met the insured requirements of the Act through June 30, 2020. (Tr. 20, Finding 1). The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 30, 2020. (Tr. 20, Finding 2).

The ALJ then determined Plaintiff had the following severe impairments: depression, anxiety, post-traumatic stress disorder ("PTSD"), obesity, chronic pain, neuropathy, and cervical and lumbar degenerative disc disease. (Tr. 20, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 20, Finding 4).

In this decision, the ALJ indicted he evaluated Plaintiff's subjective allegations and determined her Residual Functional Capacity ("RFC"). (Tr. 22-25, Finding 5). Specifically, the ALJ found Plaintiff retained the RFC to perform light work except can never climb ladders, ropes, scaffolds; can occasionally balancing on level and unlevel surfaces; can have frequent exposure to hazards, dangerous machinery, equipment and unprotected heights; can understand, remember and carry out detailed (but not complex) tasks, no work at a forced pace, assembly line or production rate jobs; and only occasional dealings with the public. *Id.*

2

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 25, Finding 6). The ALJ determined Plaintiff had no PRW. *Id.* However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 25, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) merchandise marker with approximately 136,000 jobs in the nation, (2) office helper with approximately 190,000 jobs in the nation, and (3) laundry sorter with approximately 175,000 jobs in the nation . *Id.* Based upon this finding, the ALJ determined Plaintiff had not been disabled from June 30, 2020, through the date of this decision. (Tr. 26, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ's unfavorable disability determination. On June 3, 2025, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-6). On July 11, 2025, Plaintiff filed the present appeal. ECF No. 3. The Parties have consented to the jurisdiction of this Court. ECF No. 6. This case is now ready for decision.

2.    **Applicable Law:**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is

possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)*; Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC

if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920.

**3.    Discussion:**

In her appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record.  ECF No. 10, Pgs. 2-20.  Specifically, Plaintiff raises the following arguments for reversal: (1) the ALJ erred in the RFC determination and (2) the ALJ erred in considering her subjective complaints of pain.  *Id.*  Upon review, the Court finds the ALJ did not fully consider her subjective complaints when evaluating her disability.  Accordingly, the Court will only address this issue for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1]   *See Shultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.* The ALJ is not required to methodically discuss each factor if the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective allegations.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  If the ALJ properly applies

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.   *See Shultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007).  Thus, this Court will not require the analysis of these additional factors in this case.

these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*.  Instead, the ALJ based the credibility determination almost entirely upon the fact that Plaintiff's subjective complaints were not supported by her medical records.  (Tr. 22-25).  The ALJ did not provide sufficient reasons for discounting Plaintiff's subjective allegations.  In his opinion, the ALJ discounted Plaintiff's subjective complaints for the following reasons:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 24).  Indeed, although the ALJ referenced "other evidence," he did not specifically provide what that "other evidence" was.

6

Based upon this review, the Court finds the ALJ's assessment of Plaintiff's subjective complaints was improper. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints during the relevant time period, this case must be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's decision is not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

This Court reverses and remands only for the purpose of fully considering the *Polaski* factors and supplying valid reasons for discounting Plaintiff's subjective complaints. This opinion should not be interpreted as requiring Plaintiff be awarded disability benefits upon remand.

**ENTERED this 19th day of March 2026.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE

7